# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA LEMUS, | CASE NO. 1:11-cv-00586-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| ARNOLD SHWARZENEGGAR, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.    Screening Requirement and Standard**

Plaintiff Delia Lemus, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 11, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Eighth Amendment Claim

### A.    Allegations

Plaintiff, an inmate incarcerated at Central California Women's Facility in Chowchilla, was diagnosed with Hepatitis C in 1996 while in prison. In 2008, Plaintiff became aware of the existence of interferon treatment and she filed an inmate appeal seeking treatment. By then, however, she had stage IV cirrhosis of the liver and it was too late. Plaintiff alleges that the failure of medical staff to offer her interferon treatment has led to a death sentence for her, in violation of her rights under the Eighth Amendment of the United States Constitution.

### B.    Legal Standard

To maintain an Eighth Amendment claim based on medical care in prison, Plaintiff must show deliberate indifference to her serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires Plaintiff to show (1) a serious medical need by demonstrating that failure to treat her condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

1    "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060
2 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from
3 which the inference could be drawn that a substantial risk of serious harm exists,' but that person
4 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official
5 should have been aware of the risk, but was not, then the official has not violated the Eighth
6 Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada,
7 290 F.3d 1175, 1188 (9th Cir. 2002)). Neither medical malpractice nor isolated incidents of neglect
8 will support an Eighth Amendment claim. Estelle, 429 U.S. at 106; O'Loughlin v. Doe, 920 F.2d
9 614, 617 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

10   **C.   Discussion**

11    Although Plaintiff alleges the existence of a serious medical need, her mere disagreement
12 with the course of treatment chosen by prison physicians will not support a claim under section 1983.
13 Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Only if the course of treatment was
14 medically unacceptable under the circumstances and was chosen in conscious disregard of an
15 excessive risk to Plaintiff's health will a claim lie. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.
16 1986). Here, Plaintiff's bare claim that she should have been offered interferon treatment is
17 unsupported and it is insufficient to support a plausible claim for relief under the Eighth
18 Amendment.

19    In addition, Plaintiff must demonstrate that *each* named defendant personally participated
20 in the deprivation of her rights, and liability may not be imposed on supervisory personnel under the
21 theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal,
22 556 U.S. at __, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21
23 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisors may
24 only be held liable if they "participated in or directed the violations, or knew of the violations and
25 failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v.
26 Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.
27 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.
28 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff names numerous defendants, from the current and former Governors of California to institutional-level medical care staff. Each defendant must be linked with actions or omissions which support a claim that he or she knowingly disregarded an excessive risk of harm to Plaintiff's health. Conclusory allegations of a failed medical care system or prison overcrowding, for example, will not suffice.

Plaintiff will be provided with an opportunity to amend. In as much as Plaintiff's complaint also contains unsupported allegations of conspiracy, Plaintiff is placed on notice that to state a claim for conspiracy under section 1983, she must show the existence of an agreement or a meeting of the minds to violate her constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). A bare allegation of conspiracy is not sufficient.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim under section 1983 for violation of the Eighth Amendment. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

///

amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

      Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **March 20, 2012**          /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE