# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA LEMUS, | CASE NO. 1:11-cv-00586-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | (Doc. 19) |
| ARNOLD SHWARZENEGGAR, et al., | |
| Defendants. | |

**Order Denying Motion for Reconsideration**

Plaintiff Delia Lemus, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 11, 2011. On December 11, 2012, Plaintiff filed a motion seeking reconsideration of the order screening her amended complaint and dismissing the action, with prejudice, for failure to state a claim under section 1983.

**I.      Legal Standard**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotation marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if

there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## II.   Discussion and Order

Plaintiff disagrees with the Court's decision and seeks reconsideration of the screening order dismissing the action. In screening Plaintiff's amended complaint, the Court carefully considered Plaintiff's allegations, construed the allegations liberally in light of Plaintiff's pro se prisoner status, and explained in a detailed order why the amended complaint failed to state a claim under section 1983 for violation of the Eighth Amendment. In addition, Plaintiff was previously notified of the deficiencies in her claims and given leave to amend. Thus, this was not a situation in which Plaintiff was deprived of notice and an opportunity to amend.

Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. Westlands Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices). Plaintiff's disagreement with the Court's decision is not grounds for reconsideration, and her motion, filed on December 11, 2012, is HEREBY ORDERED DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   December 21, 2012**          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE